Daniels, J.
The intestate was killed while he was employed on the ship Devonia in assisting in lading flour-in bags upon the vessel. What was called a stool was constructed by the men upon which they worked in taking in the flour. This was formed by bags upon which the men stood to hoist the flour. The intestate was struck on the head with one of the drafts, or slings, of flour, and knocked from the stool into the lower hold of the vessel through the deck in which the hatchway had been left open. He fell about fifteen feet, striking upon steel blooms and receiving an injury which in a few days afterwards resulted in his death. The open, hatchway was not directly observable from the place where, the intestate was required to perform his services, and. there is no evidence in the case indicating that he knew that to be its condition. The stool upon which he was. working was formed by the men themselves and planks-were supplied, which might have been used by himself and the others working with him if they had known their danger, so as to have formed a protection against the risk of such an accident. But as the stool had been made there appears to have been nothing to prevent a person who fell from it from falling into the hold of the vessel. Upon the trial the complaint seems to have been dismissed upon two grounds, the alleged negligence of the intestate and his fellow servants, and that the defendants were not shown to-be in any manner responsible for the accident.
That the intestate was himself chargeable with negligence was not so proven by the evidence as to permit the court to withdraw that inquiry from the consideration of the jury. Power v. N. Y., Lake Erie and Western R. R. Co., 32 Hun, 415.
Neither can be held to have taken upon himself his exposure to this risk as one of those attendant upon his employment. The case upon this subject is clearly distinguishable from Kennedy v. Manhattan Railway Co. (33 Hun, 457), where all the risks of the employment were open to observation. In this instance that was not the fact, for the open hatchway below the place where the intestate was rendering his services was not within his immediate view, and could have only been discovered by a special effort made for that purpose.
Neither was the accident so attributable to the negligence of the men themselves in not providing for their protection *121 "by the use of the planting as to excuse the defendants as; the owners of the steamer from liability. For it has been held to be the duty of the employer himself to provide for the employee “a safe.and proper place in which to prosecute his work.” Pantzer v. Tilly Foster Iron Mining Co., 99 N. Y., 368.
That duty rests upon the employer, and if its observance is entrusted to others in bis employment, and they fail to discharge it, and in consequence of that failure an injury results to another person in the service of the employer, the latter will be hable for their neglect of the performance-of a duty which the law imposes upon the employer himself.
The hatch through the deck was not in use. There was no requirement for keeping it open, and in that manner exposing the intestate to the chance of the injury received, by him. A reasonably safe and proper place for the prosecution of his work and the rendition of his services was not. supplied by the employer with the hatch left in this condition. It was the defendant’s duty, in the exercise of reasonable care and diligence, to secure the closing of the. hatch before the intestate was assigned to this dangerous-position for the rendition of his services. That duty they failed to perform, and under the legal principle which has so often been announced by the courts, they were careless in the observance of the obligations incurred upon their part to this person in their employment.
At least the evidence was sufficient to require that this, as well as the other point in the case, should be submitted, to the jury. The proof upon the trial was not very clearly given, but, upon the best construction and understanding-afforded by it, the plaintiff was entitled to have her case-passed upon by the jury.
The judgment should be reversed and a new trial ordered,, with costs to abide the event.
Brady, J., I concur.